UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OSCAR WILLIAMS, JR., <br><br> Plaintiff(s), <br><br> vs. <br><br> STATE OF NEVADA, et al., <br><br> Defendant(s). | 2:12-cv-1913-JAD-NJK <br><br> **ORDER** and <br><br> **REPORT & RECOMMENDATION** |

  Before the Court is Defendants' Motion to Strike Second Amended Complaint. Docket No. 27.

  Also before the Court is Plaintiff Oscar William, Jr.'s Motion for Leave to File Second Amended Complaint Pursuant to Fed.R.Civ.P. 15(a)(2). Docket No. 28.

## BACKGROUND

  On September 24, 2012, Plaintiff filed his First Amended Complaint in the Eight Judicial District Court of the State of Nevada, for Clark County. Docket No. 13. On November 8, 2012, Defendants removed this case to federal court. Docket No. 1.

  In Plaintiff's First Amended Complaint, he filed suit against Defendants Brian Williams, Cheryl Burson, Sheryl Foster, Renee Galvan, and the State of Nevada, both in their individual and official capacities. Docket No. 13. Plaintiff alleged that, in retaliation for filing an inmate grievance concerning an incident on February 15, 2011, Defendants terminated his prison job. *Id*.

  On April 25, 2013, the Court screened Plaintiff's First Amended Complaint and recognized one claim for retaliation against Defendants Williams, Burson, Galvan, and Foster, in their individual capacities. Docket No. 12, at 3. Plaintiff's claims against the State of Nevada,

1  and all defendants in their official capacity were dismissed from this action with prejudice. *Id*.

2  On September 9, 2013, Plaintiff filed a Second Amended Complaint. Docket No. 25, at 5.
3  The Court has reviewed the proposed amended complaint, Docket No. 25, and compared it to the
4  operative complaint, Docket No. 13. The proposed amended complaint includes claims that were
5  not allowed to proceed after this matter was initially screened, specifically all of the claims in the
6  operative complaint against Defendants in their official capacity. Docket No. 25; *see also* Docket
7  No. 12 (screening order). In addition, the substantive allegations are virtually identical. *Id*. The
8  proposed amended complaint adds claims for Sixth Amendment violations and Due Process
9  violations[1] and adds "Doe" defendants. *Id*., at 3 and 5.  At the time Plaintiff filed the proposed
10 amended complaint, he did not seek or obtain leave.

11 On September 26, 2013, Defendants filed their Motion to Strike the Second Amended
12 Complaint asserting that Plaintiff did not file leave to amend. Docket No. 27.  Subsequently, on
13 October 7, 2013, Plaintiff filed a Motion for Leave to File Second Amended Complaint. Docket
14 No. 28. In that motion, Plaintiff seeks leave to file the Second Amended Complaint that he
15 previously filed at Docket No. 25. *Id*.

16 **DISCUSSION**

17 **I.     Motion to Strike**

18 Defendants seek to strike Plaintiff's Second Amended Complaint on the grounds that
19 Plaintiff failed to file a motion for leave to file an amended complaint. Docket 27.  Thereafter,
20 Plaintiff filed his motion for leave to file second amended complaint. Docket No. 28. Although
21 Plaintiff's motion should have been filed with his amended complaint, documents filed *pro se* are
22 held to less stringent standards. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); see also *Santos*
23 *v. Baca*, 2013 WL 5476394 (D. Nev. Sept. 30, 2013) (finding that motion to amend filed by *pro*
24 *se* plaintiff should be held to less stringent standards than formal pleadings drafted by lawyers).

---

[1] Plaintiff lists the First Amendment, Sixth Amendment, Fourteenth Amendment Due Process and Equal Protection clauses, conspiracy (42 U.S.C. § 1985 and 42 U.S.C. § 1986), retaliation (42 U.S.C.A. § 1997d), Article 1, Section 8 of Nevada the Constitution. Docket No. 25, at 5. Each of these claims, other than the Sixth Amendment and Due Process claims, were already listed in the operative complaint which was addressed by the Court's prior screening order. Docket No. 12.

- 2 -

1  Therefore, the Court acknowledges Plaintiff's procedural error, but, because Plaintiff promptly
2  filed his motion for leave upon realizing his error the Court will excuse the mistake.
3  Accordingly, as Defendants have provided no other legal argument for why the Court should
4  strike Plaintiff's Second Amended Complaint, the Court hereby DENIES Defendants' Motion to
5  Strike the Second Amended Complaint. Docket No. 27.

6  **II.     Motion for Leave to Amend**
7      **A.     Legal Standard**

8  Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading
9  once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to
10 which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days
11 after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a).
12 Otherwise, a party must seek leave of court to amend a pleading. Fed.R.Civ.P. 15(a)(2).

13 While the court should freely give leave to amend when justice requires, leave need not
14 be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3)
15 produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist*
16 *West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be
17 denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City &*
18 *County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

19 In addition, the court is required to screen "a complaint in a civil action in which a
20 prisoner seeks redress from a governmental entity or officer or employee of a governmental
21 entity" and shall "dismiss the complaint, or any portion of the complaint" that "(1) is frivolous,
22 malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
23 from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

24     **B.     Second Amended Complaint**

25 Plaintiff's proposed second amended complaint makes futile additions to the previously
26 screened complaint. The proposed second amended complaint lists the Sixth Amendment and the
27 Due Process Clause as civil rights that have been violated. This is a civil matter, however, so the
28 Sixth Amendment could not have been violated. *See United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions'") (internal citations omitted). Further, Plaintiff alleges that his due process rights were violated when he was terminated from his prison job; however, the Due Process Clause of the Fourteenth Amendment "does not create a property or liberty interest in prison employment." *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (*citing Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (per curiam) and *Baumann v. Ariz. Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir.1985)).   Therefore, Plaintiff's Sixth Amendment and Due Process claims are futile.

Plaintiff also seeks to add Doe defendants "John and Jane Does." Plaintiff, however, has failed to include any facts relating to the Doe Defendants, and any alleged actions they may have taken. Accordingly, it appears that this addition is also futile.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Strike Second Amended Complaint, Docket No. 27, is DENIED.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1)  DENYING Plaintiff's motion for leave to amend, Docket No. 28.

(2) Striking Plaintiff's proposed second amended complaint, Docket No. 25.

DATED this   5th    day of December, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge